Labauve, J.
Tlio accused was convicted of manslaughter, and sentenced to ton years’ penitentiary and hard labor at Baton Rouge.
He took this appeal.
After the verdict oi the jury, the accused, by his counsel, moved for a new trial, upon the following grounds, among others :
“2. Because, after the jury had retired—after the closing of the evidence, argument of counsel and charge oi the Court, to consider their verdict—one of the jurors impanneled in said ease, viz : Isaac E. Harrison, separated from said jury, returned alone to the court-room and had a private conversation -with the Judge on the bench, relative to said cause, apart from and out of the presence of the jury, and out of the hearing of the defendant or his counsel, and without their consent and against their will. All of which defendant contends, respectfully, vitiates said verdict and entitles him to a new trial.”
The record shows, beyond a doubt, by the testimony and statement of the then presiding Judge Farrar, and Isaac E. Harrison, the juror, that, after the trial, closing of the evidence, argument of counsel and charge of the Court, and the jury having retired to their room to deliberate, the said Isaac E. Harrison, one of the said jury, left the room in company of the sheriff and returned, without the rest of the jury, to the court-room, and had a conversation with the Judge, and asked for instructions, whether the jury could attach to their verdict a recommendation for mercy. That this conversation was not loud, in order not to interrupt the proceedings of the Court, and it was believed by said juror that the members of the bar or the prisoner could not hear it; the Court was in session; that the Judge’s instructions or reply to this juror, was that it was perfectly competent for them to attach to their verdict a recommendation to the Court for mercy in behalf of the prisoner.
The question of law which arises here, is : After the jury have received the charge of the Judge and retired for deliberation, is he authorized, by law and universal practice in conducting criminal proceedings in trials of capital cases, to give to jurors separate and private instructions or charges', oufcof the hearing and without the knowledge of counsel on both sides ? We think not. Because the instructions might be improper and illegal, and neither party could have an opportunity to except to such instructions. • When the arguments are closed, the Judge gives his charge to the jury in presence of counsel on both sides; either party then has the right to except to any part of the charge; and after the jury have retired, if they desire any further instructions, at their request, the Judge orders them ah to be brought into Court, and there, in presence of counsel, the Judge may give them the instructions desired, counsel, of course, having the right to except.
In the present case, the Judge’s instruction was not improper in itself, and no exception could have been taken if given to the whole jury in the usual way, in presence of counsel. The objection here is not to the illegality of the instruction per se, hut to the manner, time and place of giving the same. Had the Judge legal authority to give instructions, as was done in the case at bar, great mischief and injustice njight he done, without leaving to the accused or the State the remedy, by bill of exception, to have the errors of the Judge brought up and corrected before this Court.
*145 The statement of the Judge, found in the record and not excepted to, establishes clearly that ‘ ‘Col. I. F. Harrison, one of the jurors' in this case, came to him during the sessions of the Court, stating that he had come under the charge of the sheriff, at the request of the jury, who had found their verdict, to inquire of the Court whether it was competent for the jury to attach to that verdict a' recommendation to the Court for mercy in behalf of the prisoner; that he had replied to him, it was perfectly competent for them so to do. ” * *' * * * *
The fact, then, was admitted and placed on record, without objection, and it is now before us, and there can be no contest as to its existence, leaving for our decision the question of law alone : Was the Judge authorized, by law governing criminal proceedings in trials of capital cases, to give instructions in the manner, time and place as stated ?
We are clearly of opinion that the criminal law does not sanction such proceedings,' and that the District Court erred, and should have granted a new trial. ■ ■ •
It is therefore ordered and decreed, that the verdict of the jury, and the judgment of the Court rendered thereupon, be annulled and avoided; and that the case be remanded for a new trial and proceeded in according to law.